*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0440p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CAROLE R. SQUIRE,

        *Plaintiff-Appellant,*

      *v.*

JONATHAN E. COUGHLAN,

        *Defendant-Appellee.*

No. 05-4513

>

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
Nos. 05-00914; 05-00922—Gregory L. Frost, District Judge.

Argued: November 2, 2006

Decided and Filed: November 28, 2006

Before: GILMAN and GRIFFIN, Circuit Judges; HEYBURN, Chief District Judge.[*]

---

**COUNSEL**

**ARGUED:** Percy Squire, PERCY SQUIRE CO., LLC, Columbus, Ohio, for Appellant. Stephen W. Funk, ROETZEL & ANDRESS, LPA, Akron, Ohio, for Appellee. **ON BRIEF:** Percy Squire, PERCY SQUIRE CO., LLC, Columbus, Ohio, for Appellant. Stephen W. Funk, ROETZEL & ANDRESS, LPA, Akron, Ohio, for Appellee.

---

**OPINION**

---

      RONALD LEE GILMAN, Circuit Judge. Carole R. Squire, an Ohio state-court judge, filed an action under 42 U.S.C. § 1983 against Jonathan E. Coughlan, Disciplinary Counsel for the Supreme Court of Ohio. She contends that her right to the due process of law was violated when Coughlan failed to provide her with the names of all persons contacted by the Ohio Disciplinary Counsel in the course of an investigation into allegations of her judicial misconduct. Judge Squire received a draft complaint notifying her of the allegations and giving her the opportunity to respond before the complaint was filed with a three-member panel of the Board of Commissioners on Grievance and Discipline (the Board). Instead of responding to the draft complaint, Judge Squire filed suit in federal district court, asking among other things for a temporary restraining order to enjoin the state disciplinary proceedings.

---

    [*]The Honorable John G. Heyburn II, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

1

The district court dismissed the complaint for lack of jurisdiction under the *Younger* abstention doctrine. It also denied the motion for a temporary restraining order, concluding that even if *Younger* abstention were inappropriate, Judge Squire had failed to make the showing necessary to obtain such an order. Judge Squire timely appealed. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. The Ohio judicial grievance process

Disciplinary proceedings against members of the state judiciary in Ohio are governed by Rule V of the Ohio Supreme Court Rules for the Government of the Bar (Gov. Bar R. V) and Rule II of the Supreme Court Rules for the Government of the Judiciary of Ohio (Gov. Jud. R. II). Under procedures established by these rules, a disciplinary proceeding against a judge is ordinarily commenced by the filing of a grievance with the Ohio Disciplinary Counsel. Upon the filing of a grievance or other information that comes to its attention relating to the alleged misconduct of a judge, the Disciplinary Counsel has a mandatory duty to commence an investigation. The investigation is confidential and involves interviewing witnesses and compiling other information regarding the alleged violation. Gov. Bar R. V, § 4(I) requires that the judge who is the subject of a grievance or investigation be given "notice of each allegation and the opportunity to respond to each allegation" before the investigation is completed.

The Disciplinary Counsel determines, once the investigation is completed, whether there is substantial evidence of a violation of the state-adopted Canons of Judicial Ethics. If the evidence is insufficient, the investigation is dismissed and remains confidential. But if there is substantial evidence of a violation, the Disciplinary Counsel prepares a draft complaint. The draft complaint is then sent to the judge under investigation so that he or she may respond before the complaint is formally filed with the Board. Any response by the investigated judge is attached to the draft complaint before it is filed. Once the complaint is filed, a three-member panel of the Board determines whether there is probable cause to certify the complaint and commence a formal proceeding. The complaint becomes public information only after it is certified by the panel.

A certified complaint against a judge is then referred to a separate panel comprised of three judges for a formal disciplinary proceeding. The accused judge has the opportunity to answer the complaint and to engage in discovery under the Ohio Rules of Civil Procedure, including pretrial depositions, interrogatories, and document production. Once discovery is complete, the judge may issue subpoenas to witnesses to appear at the disciplinary hearing. The judge also has the right to be represented by counsel and to elicit testimony from the witnesses on both direct and cross-examination.

### B. The disciplinary proceedings against Judge Squire

Judge Squire sits on the Franklin County Court of Common Pleas in Columbus, Ohio. She was elected for a six-year term that ends on December 31, 2006. Jonathan Coughlan, the Disciplinary Counsel for the Supreme Court of Ohio, investigates and prosecutes judicial grievances filed under Gov. Bar R. V and Gov. Jud. R. II. At some point prior to October 5, 2005, Coughlan notified Judge Squire that she was the subject of an investigation by the Ohio Disciplinary Counsel for alleged violations of the Canons of Judicial Ethics.

Coughlan testified at the district court's evidentiary hearing that his office initially sent Judge Squire a letter of inquiry setting forth the grounds for the Disciplinary Counsel's investigation. He further said that he sent her a 50-page draft complaint that alleged two counts of misconduct. Because Judge Squire did not waive confidentiality, no further details of the alleged misconduct are set forth in the record. The draft complaint, according to Coughlan, contained the names of all

persons who had filed a grievance, as well as the names of all potential witnesses in a formal proceeding against Judge Squire. But Coughlan conceded that the Disciplinary Counsel's office did not provide the names of every single person spoken to in the course of conducting its investigation. A probable-cause hearing was set for October 7, 2005.

Judge Squire requested that Coughlan provide the names of all of the complainants. Because no complainant had requested anonymity, Coughlan asserted that Judge Squire had been provided with all of the complainants' names. He also said that there was no particular person who had filed a grievance for one of the two counts charged. Coughlan testified that this charge was a matter that came to his attention during the course of the overall investigation; thus, there was no name of a particular complainant to provide.

Two days before the state probable-cause hearing set for October 7, 2005, Judge Squire filed her lawsuit against Coughlan in the United States District Court for the Southern District of Ohio. She alleged that Coughlan had violated her due process rights under the Fourteenth Amendment by denying her a meaningful opportunity to respond to the draft complaint. According to the complaint, the due process violation was Coughlan's alleged refusal to provide Judge Squire with the names of all of the complainants and witnesses against her. She requested a temporary restraining order prohibiting Coughlan from proceeding with the probable-cause hearing, a preliminary and a permanent injunction requiring Coughlan to provide her with the names of all of the complainants and witnesses against her, and attorney fees. The district court dismissed the complaint sua sponte for lack of jurisdiction, finding that Judge Squire's ongoing state disciplinary proceedings required that the federal court abstain pursuant to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Judge Squire filed a second complaint on October 6, 2005, which was identical to the original complaint except that Lori J. Brown, the Assistant Disciplinary Counsel, was named as an additional defendant. The second complaint was accompanied by a motion for a temporary restraining order. Because the Board's probable-cause hearing was set for October 7, the district court held an evidentiary hearing the evening of October 6. The court once again dismissed the complaint, finding that it lacked jurisdiction under *Younger*. Moreover, the court held that, even if *Younger* abstention were inappropriate, Judge Squire's claim for temporary injunctive relief would fail on the merits. This timely appeal followed.

## II. ANALYSIS

### A.       The district court's decision

The district court held that federal-court abstention was appropriate in this case under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that absent "bad faith, harassment or any other unusual circumstance," federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings. *Id*. at 53-54. The Supreme Court later held that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

### B.       *Younger's* abstention criteria

There are three requirements for proper invocation of *Younger* abstention: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other

extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex*, 457 U.S. at 435. We review de novo a district court's decision to abstain. *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993).

### 1.     *Ongoing state judicial proceedings*

The Ohio state constitution vests its supreme court with original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Ohio Const. art. IV, § 2(B)(1)(g); *see also Berger*, 983 F.2d at 723-24 (holding that abstention was proper under *Younger* and *Middlesex* where two attorneys had sued for injunctive, declaratory, and monetary relief arising out of state-bar disciplinary proceedings against them). Members of the Board are appointed by the Chief Justice and Justices of the Ohio Supreme Court. Gov. Bar R. V, § 1(D). The Board, with the approval of the Supreme Court, appoints the Disciplinary Counsel to investigate allegations of judicial misconduct. Gov. Bar R. V, § 3(B). Such investigations are an adjudicative, rather than a legislative, function. *See Middlesex,* 457 U.S. at 433-34; *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996) (holding that state disciplinary proceedings against an attorney are "judicial in nature for purposes of *Younger* abstention"); *Berger*, 983 F.2d 718, 723 (holding that "Ohio [disciplinary] procedures are judicial in nature" for abstention purposes). Thus, the first prong of *Younger* abstention is satisfied.

### 2.     *Important state interest*

*Middlesex* held that the state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." 457 U.S. at 434. This court has held that "[t]he policies of comity and federalism counsel that because [the state] has such an important interest in regulating its own bar, a state forum should have the first opportunity to review [the state's] rules of lawyer conduct and procedures for lawyer discipline." *Fieger*, 74 F.3d at 745. The Ohio disciplinary rules apply equally to justices, judges, and attorneys. Gov. Bar R. V, § 2(A). Thus, the second prong of *Younger* is satisfied.

### 3.     *Adequate opportunity to raise constitutional challenges*

A plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges" to satisfy the third prong of the *Younger* abstention test. *Berger*, 983 F.2d at 723. Abstention is appropriate "unless state law clearly bars the interposition of the constitutional claims." *Fieger*, 74 F.3d at 745 (citation and quotation marks omitted). The plaintiff bears the burden of showing that state law barred presentation of his or her constitutional claims. *Id*. at 746. Once this third and final requirement is met, abstention is appropriate "unless the plaintiff can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, or flagrant unconstitutionality." *Id*. at 750 (citation and quotation marks omitted).

Judge Squire argues that she was denied the opportunity to raise her due process challenge at the precomplaint stage of the state proceeding. She claims that Coughlan's alleged refusal to provide her with the names of all persons spoken to in the course of the investigation deprived her of a meaningful opportunity to respond at a critical predeprivation stage of the disciplinary process. Coughlan, on the other hand, testified that the names of all potential witnesses *were* provided to Judge Squire. He conceded, however, that she was not provided with the names of every single person contacted in connection with his investigation of her alleged misconduct. Addressing this allegation, Coughlan testified that Judge Squire did not in fact ask for the names of all persons contacted, but asked only for the names of the persons who *filed* the grievances.

Judge Squire's argument is unpersuasive because it conflicts with the Supreme Court's holding in *Middlesex*. In *Middlesex*, the Middlesex County Ethics Committee served a formal statement of charges on the plaintiff, a New Jersey attorney, arising out of an investigation into

improper comments by the plaintiff in connection with a criminal trial. 457 U.S. at 428. Rather than file an answer to the charges as required by New Jersey state disciplinary procedures, the attorney filed suit in federal district court, arguing that the disciplinary rules violated his First Amendment rights. *Id* at 429. He claimed that there was no opportunity in the state disciplinary proceedings to raise his constitutional claim. *Id*. at 435. The Supreme Court rejected this argument, noting that the attorney had "failed to respond to the complaint filed by the local Ethics Committee and failed even to *attempt* to raise any federal constitutional challenge in the state proceedings." *Id*.

Judge Squire argues that Coughlan's alleged refusal to provide the identities of all complainants and witnesses was a denial of due process. Whether or not there was a denial of due process, the record makes clear that Judge Squire, like the attorney in *Middlesex*, failed to raise this constitutional claim in the state disciplinary proceedings. Instead, Judge Squire took her claim directly to federal district court before the draft complaint was even filed with the Board. She states no facts in support of her assertion that there was not an adequate opportunity to raise this due process challenge at the precomplaint stage of the proceeding. As the district court pointed out, Gov. Bar R. V "does not expressly permit or deny Plaintiff the ability to raise any constitutional objection."

At oral argument, counsel for Judge Squire emphasized that there were no explicit instructions in either the Bar Rules or the Judiciary Rules for raising constitutional claims at the precomplaint stage of the process. Because there were no explicit procedures in place, the reasoning goes, there was no adequate opportunity for Judge Squire to raise her claim. Judge Squire is correct in pointing out that there are no such procedures contained in the Rules. An absence of explicit procedures however, does not establish that Judge Squire had an inadequate opportunity to raise her claim. The dispositive fact in this case is that Judge Squire has not shown that Coughlan would have refused to consider her constitutional challenge. *See Fieger*, 74 F.3d at 747 ("Similar to the Plaintiff in *Middlesex*, Fieger has failed to demonstrate that members of the hearing panel and the Board, the majority of whom are lawyers, would have refused to consider a claim that the rules which they were enforcing violated federal constitutional guarantees.") (citation omitted).

Because Judge Squire failed to meet her burden of showing that Ohio law barred her from raising her constitutional claim in the state disciplinary proceeding, the third prong of the *Younger* test is satisfied. *See Berger*, 983 F.2d at 723 (holding that *Younger* abstention was appropriate because the "plaintiffs had the opportunity to present their constitutional claims in their answer to the [disciplinary] complaint against them").

## C.     *Younger's* **abstention exceptions**

Abstention is appropriate, then, unless Judge Squire "can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, or flagrant unconstitutionality." *Fieger*, 74 F.3d at 750. Judge Squire has made no such showing. The district court therefore correctly concluded that *Younger* abstention was appropriate and that it could not grant the requested injunctive relief. *See Sun Ref. & Mktg. Co.*, 921 F.2d at 639 (holding that "when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief") (citation and quotation marks omitted). *See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

## D.     **Underlying due process claim**

Judge Squire seeks to avoid the *Younger* abstention doctrine by arguing that this case is controlled not by *Younger*, but by the Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527 (1981). Taylor, a Nebraska prison inmate, had sued the Warden and Hobby Manager of the prison

in which he was incarcerated because hobby materials purchased by Taylor and addressed to his attention at the prison were never actually handed over to him. *Id.* at 529. He initiated an action under 42 U.S.C. § 1983, claiming that the defendants' failure to locate his package deprived him of property without due process of law in violation of the Fourteenth Amendment. *Id.*

The Court held that the inmate had made a threshold showing of a due process violation by alleging that (1) the defendants acted under color of state law, (2) the hobby materials were the property of the inmate, and (3) the alleged loss amounted to a deprivation. *Id.* at 536. While noting that the "fundamental requirement of due process is the opportunity to be heard" at a meaningful time and in a meaningful manner, the Court held that due process does not *always* require the state to provide a hearing *prior to* the initial deprivation of property. *Id.* at 540. "[T]he normal predeprivation notice and opportunity to be heard is pretermitted if the State provides a postdeprivation remedy." *Id.* at 538. A failure to provide predeprivation notice, the Court held, is justified in situations where the taking is a "result of a random and unauthorized act by a state employee." *Id.* at 541. The Court held that although the plaintiff was deprived of property under color of state law, he failed to seek redress under the existing Nebraska state tort-claims procedure, which the Court deemed an adequate state postdeprivation remedy that satisfied the requirements of due process. *Id.* at 543-44.

Judge Squire claims that the Ohio Disciplinary Counsel, through Coughlan, failed to provide an adequate postdeprivation remedy for the alleged underlying due process violation. She argues that Coughlan did not provide her with the name of every person contacted in the course of the investigation into her alleged misconduct. This "admission," in Judge Squire's view, proves that Coughlan acted in an unauthorized and arbitrary manner "not authorized by established State procedure." She also argues that, under *Parratt*, the postdeprivation remedy is inadequate because it requires her to appear in a public hearing following, in her words, the "public smearing of baseless and malicious allegations in the news media" in a year when she is up for reelection.

Even assuming that Judge Squire states a viable due process claim, *Parratt* is simply inapplicable in this case. Unlike Judge Squire, the plaintiff in *Parratt* was not involved in an ongoing state judicial proceeding when he filed his due process claim in federal court. Judge Squire is not only already involved in such a proceeding, but, as explained in Part II.B.3. above, has an adequate opportunity to present her constitutional claim in that proceeding. Because the district court must abstain under *Younger* and therefore lacks jurisdiction to hear Judge Squire's claim, her argument under *Parratt* is foreclosed.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.