**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0346n.06**
**Filed: May 18, 2009**

**No. 08-6075**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DAVID E. DANNER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BOARD OF PROFESSIONAL | ) | MIDDLE DISTRICT OF TENNESSEE |
| RESPONSIBILITY OF THE TENNESSEE | ) | |
| SUPREME COURT; CHARLES A. HIGH, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GUY, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge. David Danner sued the Tennessee Supreme Court's Board of

Professional Responsibility ("the Board") and its former Disciplinary Counsel, Charles High, during

a Board investigation of complaints filed by Danner's former clients. The district court dismissed

his case without prejudice under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S.

37 (1971). Danner appeals, and we affirm.

I.

We review de novo a district court's order declining federal jurisdiction on grounds of

*Younger* abstention. *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). The *Younger* doctrine

counsels federal courts to abstain from enjoining certain pending state court criminal proceedings, 401 U.S. at 44, but the doctrine also extends to ongoing administrative proceedings, such as state bar disciplinary processes, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434–35 (1982). Federal courts properly invoke *Younger* abstention when a proceeding satisfies three criteria: "(1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding." *Danner v. Bd. of Prof'l Responsibility of the Tenn. Supreme Court*, 277 F. App'x 575, 578 (6th Cir. 2008).

Here the Board proceedings are ongoing state judicial proceedings for purposes of applying *Younger*. The Board commenced its disciplinary process by authorizing a Petition for Discipline before Danner filed his state court claim. State bar disciplinary proceedings may be "judicial in nature." *Middlesex*, 457 U.S. at 433–34. In fact, this Circuit holds that similar attorney disciplinary proceedings are "an adjudicative, rather than a legislative, function." *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006); *see also Danner*, 277 F. App'x at 578; *Fieger*, 74 F.3d at 744.

As for the remaining *Younger* criteria, the regulation and discipline of attorneys is without a doubt an important state function. *See Danner*, 277 F. App'x at 579. Moreover, the disciplinary process provides for judicial review of allegations that the Board's findings violate constitutional provisions. *Id.* We therefore conclude that the proceedings satisfy all three of the *Younger* criteria and hold that the district court correctly abstained in deference to the state proceeding. In addition,

No. 08-6075
*Danner v. Board of Professional Responsibility*

Danner failed to invoke any of the exceptions to *Younger* abstention—"bad faith, harassment, or

flagrant unconstitutionality." *Squire*, 469 F.3d at 556 (citation and internal quotation marks omitted).

II.

We affirm.