**NOT RECOMMENDED FOR PUBLICATION**
File Name: 14a0105n.06

**No. 13-5618**

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

HERBERT SANFORD MONCIER,

    Plaintiff-Appellant,

       v.

NANCY S. JONES, and other known officers of the
State of Tennessee,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Feb 06, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

BEFORE: COLE and GRIFFIN, Circuit Judges; and PEARSON, District Judge.[*]

    GRIFFIN, Circuit Judge.

    Plaintiff Herbert Moncier is an attorney licensed in Tennessee. In 2011, Moncier was temporarily suspended from the practice of law by the Tennessee Supreme Court. He subsequently sued defendant Nancy Jones, the now-former Chief Disciplinary Counsel for the Tennessee Board of Professional Responsibility (the Board), under 42 U.S.C. § 1983 for $2,000,000, claiming that the disciplinary proceedings that resulted in his suspension violated a slew of his constitutional rights. He also requested declaratory and injunctive relief. After the district court dismissed Moncier's claims, Moncier sought leave to amend his complaint, which the district court denied. Moncier now appeals both orders. For the reasons set forth below, we affirm the judgment of the district court.

---

    [*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

We review de novo the grant of a motion to dismiss under Rule 12(b)(6), construing the record in the light most favorable to the non-moving party and accepting all well-pleaded factual allegations as true. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010). While a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 275–76 (citation and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . . ." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246–47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

District court decisions on motions to amend under Rule 15, motions for an alteration of judgment under Rule 59, and motions for relief from judgment under Rule 60(b) are all reviewed for an abuse of discretion. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (Rule 15); *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) (Rule 59); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (Rule 60). An abuse of discretion occurs where this court is left with a "definite and firm conviction that the district court committed a clear error of judgment in its conclusion." *Lewis v. United Joint Venture*, 691 F.3d 835, 839 (6th Cir. 2012). "Furthermore, a district court has broad discretion to manage its docket." *ACLU v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010).

II.

Moncier argues that the district court erred by dismissing his complaint. We disagree.

Moncier's amended complaint names Jones as a defendant "individually, and . . . in her official capacity for the State of Tennessee" and requested both money damages and declaratory and injunctive relief. When a plaintiff brings a 42 U.S.C. § 1983 action against a state official in his or her official capacity, the claim is treated as though brought against the government itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To that end, the Eleventh Amendment bars official-capacity claims for damages against state officials. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment does not bar official-capacity claims for prospective equitable relief against state officials. *Id*. at 71 n.10; *Ex parte Young*, 209 U.S. 123, 159–60 (1908).

We first address Moncier's damages claims. Because the Eleventh Amendment bars official-capacity claims for damages against state officials, the district court did not err by dismissing Moncier's claim for damages against Jones in her official capacity. *Will,* 491 U.S. at 71. As for Moncier's claim for damages against Jones personally, this claim is not barred by the Eleventh Amendment, *Hafer v. Melo*, 502 U.S. 21, 31 (1991). However, the district court correctly concluded that Jones is entitled to absolute immunity; accordingly, this claim was properly dismissed. The conduct Moncier alleged violated his rights occurred while Jones was performing her official role as Chief Disciplinary Counsel. Accordingly, Jones is entitled to absolute, quasi-judicial immunity from Moncier's damages claim against her personally. *See Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 229 (1988); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Moncier's arguments to the contrary lack all merit.

We next turn to Moncier's claims for equitable relief. To the extent these claims are brought against Jones in her official capacity, they are not barred by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 159–60. Initially, we note that to the extent Moncier requests an injunction against enforcement of his suspension, such a claim is moot—Moncier's suspension began in June 2011 and by its own terms lasted less than one year. There is no more suspension to enjoin. This leaves only Moncier's request for declaratory relief and for an injunction as to the approximately $22,000 in costs imposed by the Board. We affirm the district court's dismissal of these claims because Moncier's complaint does not plausibly plead, either directly or by inference, that his rights were violated during his disciplinary proceeding or that Tennessee's attorney discipline structure writ large is unconstitutional. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013); *see also Twombly,* 550 U.S. at 555; *Iqbal,* 556 U.S. at 678. With regard to Moncier's claims for equitable relief against Jones personally, those claims are moot because Jones is no longer Chief Disciplinary counsel. And, Moncier has made no attempt to cure that mootness—he has never tried to sue Jones' successor, Sandra Garrett, in her individual capacity, only in her official capacity.

### III.

Moncier also argues that the district court erred by denying his motions to file amended or supplemental complaints. Again, we disagree.

Under Rule 15 of the Federal Rules of Civil Procedure, motions to amend are "frequently filed and, generally speaking, 'freely' allowed." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). However, where a plaintiff seeks to amend his complaint after an adverse judgment, he must "meet the requirements for reopening a case established by Rules 59 or 60." *Id.* at 616. Here, Moncier has made no argument under Rule 59

or 60, opting instead to argue that Rule 15 applies to him. We conclude that Rule 15 did not apply to Moncier's motions to amend because those motions were filed after an adverse judgment; we also conclude that Moncier is not entitled to relief under Rule 59 or 60. Moreover, even assuming, *arguendo*, that Rule 15 applied to Moncier's motions to amend, he would not be entitled to relief. Although Rule 15's amendment standards are liberal, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Rule does not give parties the right to amend. Here, Moncier had not bothered to respond to defendant's motions to dismiss for nearly four months at the time the dismissal order issued (and he had not made any filing in the case at all in almost seven months). Accordingly, in light of the district court's "broad discretion to manage its docket[,]" *ACLU*, 607 F.3d at 451, we would not be left with a "definite and firm conviction" that the district court erred by denying the amendments even if Rule 15 governed. *Lewis*, 691 F.3d at 839.

IV.

For the foregoing reasons, we affirm the judgment of the district court.