NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0604n.06

No. 16-3114

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 16, 2016
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| GEORGIANNA PARISI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| MATHIAS HECK, JR., et al., | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: KEITH, BATCHELDER, and CLAY, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Plaintiff appeals the judgment in favor of Defendants in this action brought under 42 U.S.C. § 1983, alleging that Defendants conspired to deprive her of her license to practice law, in violation of her rights to equal protection and substantive and procedural due process. The United States District Court for the Southern District of Ohio dismissed the complaint and denied Plaintiff's third motion to amend the complaint. We **AFFIRM** the district court's judgment.

## I.    Background

Plaintiff Georgianna Parisi ("Parisi") is an attorney licensed in Ohio. (First Am. Compl., R. 3 at Pg. ID 70.) Parisi brought this lawsuit against various Defendants. The first group comprises the Montgomery County Prosecuting Office ("MCPO"); Mathias H. Heck, Jr.; Debra Bonifas Armanini; Sarah V. Schenk; and Thomas Shaw, individually and in their official capacities (collectively "MCPO Defendants"). (*Id.*) The second group comprises the Dayton Bar

Association ("DBA"); John M. Ruffolo, individually and in his official capacity; Brian Wildermuth; and Jonathon Beck (collectively "DBA Defendants"). (*Id.*)

In 2007, the MCPO began looking into the reported criminal activity of Parisi, with respect to her client billing practices. (Appellant's Br. at xv; MCPO Appellees' Br. at 10.) The MCPO investigated the alleged misconduct and ultimately decided not to present any charges to the grand jury. (*Ibid.*) However, the MCPO's criminal investigation yielded a report and evidence, all suggesting and demonstrating ethical misconduct of Parisi, and consequently, the MCPO provided the report to the DBA on October 25, 2011. (Appellant's Br. at xvi; MCPO Appellees' Br. at 11.)

Concurrently, while the MCPO investigation continued, the DBA conducted its own investigation into Parisi, and in 2009, the DBA filed a complaint against Parisi with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio. (DBA Appellees' Br. at 4.) That complaint resulted in a finding of professional misconduct and the imposition of sanctions by the Ohio Supreme Court on March 8, 2012. (*Id.*) Thereafter, in August 2012, the DBA filed an additional complaint for further misconduct; however, Parisi agreed, pursuant to a settlement agreement, to register her license to practice in the state of Ohio as inactive for three years in exchange for dismissal of the complaint. (Appellant's Br. at xix; DBA Appellees' Br. at 6.)

Thereafter, Parisi filed a federal lawsuit against MCPO and DBA Defendants, alleging the following counts pursuant to 42 U.S.C. § 1983: (1) a "class of one" equal protection violation; (2) Fifth and Fourteenth Amendment substantive due process violations; and (3) a procedural due process violation. (First Am. Compl., R. 3 at Pg. ID 74–82.) The MCPO and DBA Defendants each filed motions for judgment on the pleadings – pursuant to Federal Rule of

Civil Procedure 12(c) – both of which the district court granted. (Motions, R. 22, 28; Order, R. 73 at Pg. ID 947.) This appeal followed.

## II. Standard of Review

A "district court's decision regarding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed using the same de novo standard of review employed for a motion to dismiss under Rule 12(b)(6)." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). Further, "[a] motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Tucker*, 539 F.3d at 549 (citation and internal quotation marks omitted).

While a complaint will survive dismissal if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, we "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir.2010). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . [r]ather, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Moncier v. Jones*, 557 F. App'x 407, 408–09 (6th Cir. 2014) (internal quotations and citation omitted).

Additionally, we review the denial of a motion to amend under the abuse-of-discretion standard, "unless the motion was denied because the amended pleading would not withstand a motion to dismiss, in which case the standard of review is de novo." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008).

### III. Applicable Law and Analysis

1. **DBA Defendants**

   a. **Money Damages**

Parisi sought money damages for alleged constitutional violations inflicted by the DBA Defendants. Specifically, Parisi sought:

> judgment . . . for compensatory and consequential damages, including damages for loss of reputation, humiliation, pain and suffering, medical expenses, mental distress, of not less than $5,000,000.00; punitive damages of not less than $5,000,000.00, for reasonable attorney fees, cost of litigation, including court costs, expert witness fees, [ and] costs of discovery[.]

(First Am. Compl., R. 3 at Pg. ID 83.)

The DBA Defendants' actions at issue occurred while they performed their official duties, as members of the bar grievance committee. Accordingly, the district court correctly concluded that those individuals were entitled to absolute immunity in their personal capacity. *See Moncier*, 557 F. App'x at 409 (holding that "the district court correctly concluded that [defendant] was entitled to absolute immunity" because "[t]he conduct [plaintiff] alleged violated his rights occurred while [defendant] was performing her official role as Chief Disciplinary Counsel.")[1]

---

[1] Plaintiff only challenged the district court's dismissal on the basis that DBA Defendants were not entitled to absolute immunity. Thus, Plaintiff waived any argument that her claims against DBA Defendants in their *official* capacities should not have been dismissed.

4

**b. Injunctive Relief**

Parisi sought "injunctive relief that would prevent further investigation and complaints against the Plaintiff by Defendants and which would terminate and void the settlement Agreement entered into between the Plaintiff and Defendant Dayton Bar Association." (First Am. Compl., R. 3 at Pg. ID 83.) The district court invoked the *Younger* abstention doctrine to dismiss the remaining counts against DBA Defendants.

For a district court to invoke the *Younger* abstention: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332–33 (6th Cir. 2007) (citing *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "If these prerequisites are satisfied and 'so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain.'" *Id.* However, we need not review the district court's decision to invoke *Younger* abstention because Parisi concedes that the issue is moot on appeal.[2] Because we agree that the issue regarding applicability of the *Younger* abstention is now rendered moot, we need not consider this issue.

**2. MCPO Defendants**

**a. Qualified Immunity**

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and

---

[2] Parisi concedes that "[b]y the time that this matter is determined by the Sixth Circuit, it is likely that the issue regarding the Younger [a]bstention will be moot. Per the settlement agreement, Parisi can re activate [sic] her Ohio law license without fear that the DBA will bring [additional] charges against her after September 1, 2016."

(2) that the right was clearly established at the time of the challenged conduct." *McCullum v. Tepe*, 693 F.3d 696, 699 (6th Cir. 2012) (citations and internal quotations omitted). The district court found that the MCPO Defendants were entitled to qualified immunity, because Parisi "failed to demonstrate that she has any clearly established constitutional right that was violated by any act of the [MCPO] Defendants." (Report and Recommendation, R. 39 at Pg. ID 353.) On appeal, Parisi asserts that the MCPO Defendants were not entitled to qualified immunity because they violated clearly existing law. (Appellant's Br. at 13.) We disagree.

Parisi contends that that MCPO Defendants violated her substantive due process Fourth and Fourteenth Amendment "privacy rights . . . 'to be let alone' that the U.S. Supreme Court recognized in *Whalen v. Roe*, 429 U.S. 589, 599 (1977)." (Pl.'s Br. at 19.)  She asserts that this right was violated by the following actions taken by MCPO Defendants: (1) using a law enforcement-only computer system for non-law enforcement purposes, contrary to the Ohio Administrative Code and the Driver's Privacy Protection Act; and (2) providing documentation regarding Plaintiff's possible unethical conduct to the DBA when the Rule 8.3 of the Ohio Rules of Professional Conduct did not require such documentation to be shared.  (*Id.* at 14–19.)

These actions, however, do not implicate the right recognized by *Whalen*.  The Supreme Court has only recognized two types of interests that are "protected by the right to privacy that is rooted in the substantive due process protections of the Fourteenth Amendment."  *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).  "One is the interest in 'independence in making certain kinds of important decisions.'"  *Id.* (quoting *Whalen*, 429 U.S. at 599–600 & n.26).  "The other type of privacy interest applicable to individuals is the 'interest in avoiding disclosure of personal matters.'"  *Id.* (quoting *Whalen*, 429 U.S. at 599, 603–04).  The second privacy interest—the interest in avoiding disclosure of personal matters—is limited to situations "where

the release of personal information could lead to bodily harm," or situations "where the information released was of a sexual, personal, and humiliating nature." *Id.* Neither of these two types of privacy interests were implicated by MCPO Defendants' actions; thus, Plaintiff failed to state a claim against them for violating her privacy rights and the district court properly dismissed this claim.

**Injunctive Relief**

For reasons mentioned above, the issue as to whether the district court erred in applying the *Younger* abstention is rendered moot, as Parisi concedes, because she is now able to reactivate her law license.

### 3. Third Amended Complaint

Finally, Parisi asserts that the district court erred in denying her motion to file a Third Amended Complaint. We disagree. The district court denied Parisi's motion to amend the complaint because the motion was untimely. (*See* Order, R. 73 at Pg. ID 948.) Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Parisi's First Amended Complaint was properly filed on October 21, 2014. Her motion for leave to file a Third Amended Complaint was filed on November 29, 2015, more than a year later, and four months after the magistrate judge's report and recommendation addressing Defendants' 12(c) motions. Under these circumstances, the district court did not abuse its discretion in denying Parisi leave to amend. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000) (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment

had been granted to defendants two months earlier, and plaintiff was attempting to add a new legal theory).

## IV.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.[3]

---

[3] While Plaintiff asserted an equal protection claim and a procedural due process claim, she did not address the district court's dismissal of these claims in her appellate brief.  Thus, we deem those arguments waived.

**BATCHELDER, Circuit Judge, concurring in most of the judgment.** I agree with most of Judge Keith's sound opinion. I write separately to underscore the reason for which I would affirm the district court's determination that the DBA Defendants were entitled to absolute immunity. The district court adopted the Report and Recommendation, which correctly applied our precedent in *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718 (6th Cir. 1992), holding that members of an Ohio bar association's disciplinary committee are entitled to absolute immunity when they enforce a code of conduct for attorneys. *Id.* at 722. The bar association, "its committees, and members are likewise immune from suit because they act[] as arms of the Supreme Court of Ohio in performing a function for which the court and its justices are immune." *Id.* (citing *Sparks v. Character and Fitness Comm.*, 859 F.2d 428, 433 (6th Cir. 1988), *cert. denied*, 489 U.S. 1011 (1989)). Because the relevant facts in the present case are indistinguishable from those in *Berger*, I conclude that the district court correctly applied binding precedent in granting the DBA Defendants absolute immunity.

Accordingly, I concur in the entire opinion, with the exception of Part III.1.a.