NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0597n.06

No. 10-3294

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 08, 2012**

LEONARD GREEN, Clerk

KEYMARKET OF OHIO, LLC, )
　　　　　　　　　　　　　　　　 )　　　　 ON APPEAL FROM THE UNITED
　　　　 Plaintiff-Appellant, )　　　　 STATES DISTRICT COURT FOR
　　　　　　　　　　　　　　　　 )　　　　 THE SOUTHERN DISTRICT OF
　　　　 v.　　　　　　　　　　　 )　　　　 OHIO
　　　　　　　　　　　　　　　　 )
TERRY KELLER, et al.,　　　　　　 )
　　　　　　　　　　　　　　　　 )　　　　 OPINION
　　　　 Defendants-Appellees. )
　　　　　　　　　　　　　　　　 )

BEFORE:　　　 COOK, WHITE, and DONALD, Circuit Judges.

　　　　 DONALD, Circuit Judge.　 Plaintiff-Appellant Keymarket of Ohio, LLC, ("Keymarket")

challenges the district court's order granting the Defendants' motions for judgment on the pleadings.

The district court found that Keymarket's claim under 42 U.S.C. § 1983 was barred by the doctrine

of res judicata.　Finding that the Defendants did not meet their burden of proving that res judicata

applies to the circumstances of this action, we reverse and remand to the district court for further

proceedings.

I.

　　　　 Keymarket is an Ohio company that operates television and radio stations in Jefferson

County, Ohio. Its principal place of business is Pittsburgh, Pennsylvania.　On March 21, 2000,

Keymarket purchased parcel number 53-0006-000 in Jefferson County ("the Parcel") as a location

for its broadcast stations' antenna facilities.　When Keymarket recorded the deed to the Parcel in June

2000, it listed its mailing address for tax purposes as P.O. Box 270, Brownsville, PA 15416. The month before Keymarket recorded the deed, however, it canceled the Brownsville post office box and placed a forwarding order to the address 123 Blaine Road, Brownsville, PA.[1] Keymarket did not notify Jefferson County of this address change.

In 2001, Keymarket made a single tax payment on the Parcel but never paid the 2001 taxes in full. In 2002, the taxes on the Parcel were certified delinquent. Consequently, on September 22, 2005, the Jefferson County treasurer filed a complaint to foreclose on the Parcel for the delinquent taxes. That same day, Jefferson County sent notice of the foreclosure to Keymarket at P.O. Box 270, Brownsville, PA 15413 via ordinary and certified mail.[2] Both the ordinary and certified notices were returned to Jefferson County marked "Not Deliverable as Addressed - Unable to Forward - Return to Sender." After mail service failed, the Jefferson County prosecutor's office searched the phone book for a listing for Keymarket. When the phone book search yielded no results, Jefferson County proceeded to publish public notice on three separate occasions: October 7, 2005; October 14, 2005; and October 21, 2005.[3]

Keymarket never responded to the published notices, and Jefferson County sought a default judgment to foreclose on the Parcel. On January 25, 2006, the Jefferson County Common Pleas Court issued a judgment and order of sale on the Parcel. Jefferson County then published notices

---

[1]No zip code is given in the record.

[2]Keymarket's listed zip code was 15416, not 15413. Neither of these zip codes is correct as the code for Brownsville, Pennsylvania, is 15417.

[3]The record does not indicate where the notices were published.

of sale for the Parcel on February 3, 2006, February 10, 2006, and February 17, 2006. At a Sheriff's

sale on February 24, 2006, the Jefferson County sheriff sold the Parcel to Appellee Terry D. Keller,

an employee of the Jefferson County Recorder. On April 28, 2006, the Jefferson County Common

Pleas Court issued an order authorizing the sale, authorizing the issuance of deed, and distributing

the proceeds of the sale. On June 14, 2006, Keller recorded a Sheriff's deed on the Parcel.

On July 19, 2006, Keymarket filed a Motion for Relief from Judgment and Order of Sale in

the Jefferson County Common Pleas Court.[4] Keymarket claimed that the sale of the Parcel violated

its due process rights because of inadequate notice.[5] On August 29, 2006, the Jefferson County

Common Pleas Court denied Keymarket's motion, holding that Jefferson County had complied with

the procedures specified by Ohio law.

Keymarket appealed the Common Pleas Court's order, but the Ohio Seventh District Court

of Appeals affirmed the Common Pleas Court's ruling that Jefferson County complied with the

notice requirements prescribed by Ohio law. Keymarket then appealed to the Ohio Supreme Court

---

[4] This motion was filed in the original foreclosure suit, which was styled *In the Matter of: The Foreclosure of Lien for Delinquent Taxes by Action In Rem Raymond A. Agresta, County Treasurer of Jefferson County, Ohio v. Parcels of Land Enumerated with Delinquent Tax Liens*.

[5] In particular, Keymarket alleged that, above and beyond the statutory and procedural requirements for notice, Jefferson County could have: (1) noticed the antennas on the Parcel and searched for Keymarket's current address via the Federal Communications Commission website based on information located on placards on the antenna towers; (2) known that Keymarket's offices are located almost directly across the street from the courthouse; (3) obtained the address based on a search of wage withholding orders of Keymarket employees found in the Child Support Enforcement Agency records; (4) located the name and address of Keymarket's statutory agent from the Secretary of State's office; and (5) searched the motor vehicle records to reveal an active address for Keymarket since Keymarket owned a motor vehicle in Jefferson County. [D.E. #17-1 at 2-4].

but later moved to withdraw the appeal voluntarily, which the Ohio Supreme Court granted. On April 30, 2008, Keymarket refiled its appeal with the Ohio Supreme Court. On August 6, 2008, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal.

On March 27, 2008, shortly after Keymarket appealed to the Ohio Supreme Court, it filed a motion for reconsideration in the Ohio Seventh District Court of Appeals. In this motion, Keymarket asserted that the notices sent to the post office box were deficient because they were addressed to zip code 15413 instead of the 15416 listed on Keymarket's mailing address. The Court of Appeals rejected this argument for three reasons: 1) it was waived by not being raised previously; 2) Keymarket had rendered service unattainable by not giving the correct zip code itself; and 3) Jefferson County had still given proper notice by publication. Keymarket filed a motion for reconsideration with the Ohio Supreme Court, but the court denied the motion.

On April 9, 2008, Keymarket filed a complaint in the United States District Court for the Southern District of Ohio bringing claims against Keller and Jefferson County pursuant to 42 U.S.C. § 1983. Keymarket alleged that Keller and Jefferson County violated its substantive due process rights by conspiring together to have the county foreclose on the Parcel with improper notice to Keymarket so Keller could purchase it. After answering Keymarket's complaint, Keller and Jefferson County moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that substantive due process does not apply to real property rights and that Keymarket's claims were barred by the doctrine of res judicata.

On August 18. 2009, subsequent to the filing of the Rule 12(c) motions, the magistrate judge permitted Keymarket to serve a limited set of interrogatories on Keller and Jefferson County. On

September 14, 2009, before any interrogatory responses were received, the district court granted the

Rule 12(c) motions on the ground that Keymarket's claim was barred by res judicata. The district

court did not discuss the argument that substantive due process does not apply to real property rights.

On September 30, 2009, Keymarket filed an amended motion for reconsideration asking the

district court to stay its order granting the motions for judgment on the pleadings and to require

Keller and Jefferson County to respond to the interrogatories.[6] In this motion, Keymarket raised the

possibility that Keller may have been on paid duty status with Jefferson County when she purchased

the Parcel.[7] The district court heard oral argument on the motion for reconsideration on November

19, 2009, and it ordered Keller and Jefferson County to respond to the interrogatories. On March

1, 2010, the district court denied the motion for reconsideration, finding that the newly discovered

evidence as to whether Keller purchased the Parcel while on paid duty as an employee of Jefferson

County was previously available through the exercise of due diligence.

On March 5, 2010, Keymarket filed a notice of appeal advising that it was appealing the

district court's orders granting the motions for judgment on the pleading and denying the amended

motion for reconsideration.

---

[6] Keymarket originally filed a motion for reconsideration on September 23, 2009, but it was terminated the next day.

[7] Keymarket argued that Jefferson County may have a policy concerning whether its employees can bid at Sheriff's sales and that Keller violated that policy, which would make the sale void and would support its substantive due process claim.

II.

The district court granted Keller and Jefferson County's motions for judgment on the pleadings on the ground that Keymarket's claim is barred by the doctrine of res judicata. We review "a motion for judgment on the pleadings pursuant to Rule 12(c) under 'the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6).'" *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

Under the doctrine of res judicata, state court judgments are given the same preclusive effect in federal court as they would have received in the courts of the rendering state. *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009). Res judicata refers to the preclusive effect of prior proceedings, which prevent "subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject of a previous action." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (citations omitted). Federal courts look to the law of the rendering state to determine whether that state would assess a preclusive effect to a particular judgment. *Id.* (citing *ABS Indus.*, 333 F. App'x at 998). Under Ohio law, four elements are necessary for the doctrine of res judicata to apply:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* at 520 (quoting *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)). The party asserting the defense of res judicata (here Keller and Jefferson County) bears the burden of proof. *Id.* (citing *ABS Indus.*, 333 F. App'x at 998).

Keymarket does not contest the first element of this test, that is that the Ohio courts were courts of competent jurisdiction that delivered a prior final, valid decision regarding the sale of the Parcel. Keymarket insists, though, that its federal case concerns different parties, does not arise from the previously litigated action, and concerns claims that Keymarket could not have raised during the state litigation because the wrong had not yet fully occurred. The burden of proof on these issues falls on Keller and Jefferson County.

The defendants insist that, based on the Ohio court orders, it is clear that Keller, Jefferson County, and Keymarket were all parties to the prior state litigation. While the original suit in the Jefferson County Common Pleas Court was by the County treasurer against several parcels of land for unpaid taxes, under Ohio Law, the term "parties" includes those who are directly interested in the subject matter and may include a person connected with the prior judgment by active participation in the litigation. *See Cincinnati Ins. Co. v. Consol. Equip. Co.*, 2003 WL 77122, at *10 (Ohio Ct. App., Jan. 10, 2003) (citation omitted). Furthermore, the final decision for res judicata purposes was the court's denial of Keymarket's motion for relief from judgment, not the underlying default judgment against the Parcel. The Ohio Seventh District Court of Appeals noted that appearances were made by the Jefferson County treasurer, Keymarket, and Keller. Because all of the parties in this case fully participated in litigating the relief from judgment motion, the first element of the res judicata test is met. *See Broz v. Winland*, 629 N.E.2d 395, 397 (Ohio 1994) (citing

*Goodson v. McDonough Power Equip., Inc.*, 443 N.E.2d 978, 985 (Ohio 1983) (superseded on other grounds by Ohio Rev. Code § 2721.12) ("The main legal thread which runs throughout the determination of the applicability of res judicata . . . is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense.").

We also find that the same transaction or occurrence element of the Ohio res judicata test is met here. Under Ohio law, a claim is barred by res judicata if it arises "from a nucleus of facts that was the subject matter of [the] first [action]." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). Because the original state action and Keymarket's § 1983 claim both involve the nucleus of facts related to the attempts to notify Keymarket of the foreclosure and sale of the Parcel, Keller and Jefferson County have met their burden of showing this issue.

We are not satisfied, however, that Keller and Jefferson County have met their burden of proving that Keymarket could have brought its § 1983 claim in the prior state action. "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990). It is irrelevant whether the original claim covered all possible theories of relief. *Brown v. City of Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). Instead, res judicata "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." *Grava*, 653 N.E.2d at 229 (quoting Restatement (Second) of Judgments § 25 (1982)).

The district court concluded that because Ohio courts can adjudicate both substantive due process and § 1983 claims, Keymarket could have brought its claim in the prior action. Keller and Jefferson County repeat this point as their argument on appeal. This simplistic summary, though, overlooks the circumstances of Keymarket's entry into the prior state action. The state suit proceeded through judgment without Keymarket or Keller involved as a party. Keymarket did not enter the suit until it filed a Motion to Vacate the Jefferson County Common Pleas Court's judgment. While Keymarket's § 1983 claims appear to raise the same arguments that were raised before the state court, specifically whether it received adequate service, res judicata concerns the repetition of claims, not arguments. Jefferson County and Keller have not explained how Keymarket could have raised this particular § 1983 claim, however frivolous or repetitious, at the motion to vacate juncture of the foreclosure proceeding. This threshold issue must be satisfied for the doctrine of res judicata to apply, and at this point in the litigation, Keller and Jefferson County have not met that burden.

Because we find that Keller and Jefferson County have not carried their burden of showing that res judicata is applicable to this case, we **REVERSE** the district court's order granting the defendant's motions for judgment on the pleadings and **REMAND**.