NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0759n.06

Nos. 11-4409, 12-3047

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Aug 15, 2013
DEBORAH S. HUNT, Clerk

SHANNON GRAVES, et al., )
)
    Plaintiffs-Appellants, Cross-Appellees )
)
v. )
) **ON APPEAL FROM THE UNITED**
MAHONING COUNTY, et al., ) **STATES DISTRICT COURT FOR**
) **THE NORTHERN DISTRICT OF**
    Defendants-Appellees, Cross-Appellants ) **OHIO**
)

Before: GILMAN, GIBBONS, and ROGERS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** This § 1983 action arises out of the arrests of the plaintiffs in Mahoning County, Ohio. Plaintiffs allege that Mahoning County and nine townships in the county violate the Fourth Amendment by permitting deputy clerks to issue arrest warrants based on criminal complaints that state nothing more than the officer's conclusion that the individual committed the crime and the elements of that crime. They seek class certification as well as injunctive relief, declaratory relief, and damages. The district court issued an order dismissing the claims of two plaintiffs who pled guilty after their arrests, finding that their claims were not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994), or, alternatively, that their claims were barred by *res judicata*. It stayed the remainder of the action pursuant to *Younger* abstention because of plaintiffs' ongoing state criminal proceedings. Plaintiffs appealed the district court's order, and

-1-

all but one of the defendants cross-appealed, arguing that the district court should have dismissed the case. After we heard arguments in this case, the state criminal proceedings terminated, with the State of Ohio dismissing the charges against plaintiffs without prejudice. For the following reasons, we reverse the district court's dismissal of the claims of the two plaintiffs and remand for further proceedings.

I.

The named plaintiffs are Shannon Graves, Michelle Benner, Amber Sexton, Nicole Montecalvo, April Ellis, Amanda Wallace, Erica Jackson, Mary Pratt, and Trisha Narkum. Each plaintiff claims that her arrest violated the Fourth Amendment because the warrant was not supported by probable cause. Shannon Graves was arrested pursuant to a warrant charging her with two felony drug crimes. Three months later, Graves pled guilty to one charge, which had been amended to a misdemeanor, and the other charge was dismissed. Thereafter, Graves was arrested for felony theft and pled guilty to an amended misdemeanor charge of unauthorized use of property.

The other plaintiffs were arrested for misdemeanor sexual activity for hire. Sexton was the only one of these plaintiffs to plead guilty. Benner was also arrested for intimidation of a witness. The Mahoning County court found that there was probable cause that Benner committed this crime and submitted the matter to a grand jury. The grand jury returned a "no bill" and the case was closed.

Montecalvo, Ellis, Wallace, Jackson, Pratt, and Narkum filed a motion to dismiss the charges against them in Mahoning County court. They claimed that their arrests violated the Fourth Amendment because the arrest warrants were not supported by probable cause and were signed by deputy clerks who did not have sufficient training to issue warrants. The Mahoning County court

denied their motion to dismiss, stating only that: "The Court upon consideration of the arguments presented, hereby denies the defendants' Motion to Dismiss." Montecalvo, Ellis, Wallace, Jackson, Pratt, Narkum, and Benner then filed a Complaint for Original Writ of Prohibition in the Supreme Court of Ohio. They reasserted their Fourth Amendment claims and argued that the Mahoning County court lacked jurisdiction over these cases. The Supreme Court did not issue plaintiffs' Writ of Prohibition.

Subsequently, the Mahoning County court dismissed the charges against Montecalvo, Ellis, Wallace, Jackson, Pratt, Narkum, and Benner, finding that "dancers performing lap dances at a cabaret are not engaging in sexual activity as defined in Ohio Revised Code Section 2907.01. In addition, the fact that the dancers are compensated does not give rise to a charge of Prostitution as defined in Ohio Revised Code Section 2907.25." The State appealed.

On December 12, 2010, plaintiffs filed this action pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth Amendment. The complaint seeks injunctive relief, declaratory relief, and damages. Count one of the complaint requests:

> Issuance of a preliminary injunction, and ultimately a permanent injunction, enjoining and restraining Township police officers, County sheriffs deputies and County Prosecutors, from filing criminal complaints stating only their ultimate conclusion that the accused committed an offense and the elements of the crime charged without any underlying facts upon which that conclusion is based, and enjoining and restraining the Deputy Clerks from issuing arrest warrants upon complaints stating only the complaining officer's conclusion that the accused perpetrated the offense and the elements of the crime charged.

In count two, the complaint requests that the court declare the following: (1) that criminal complaints stating only the officer's conclusion that the individual committed the crime and the elements of that crime are insufficient to support a determination of probable cause; (2) that arrest warrants issued

by clerks pursuant to these complaints violate clearly established Fourth Amendment law; (3) that the clerks are incapable of determining probable cause, and any arrest warrant or summons issued by a clerk violates clearly established Fourth Amendment law; and (4) any custodial arrest pursuant to a warrant issued by a clerk constitutes an unreasonable search and seizure in violation of the Fourth Amendment. Count three seeks damages under § 1983 for the allegedly unlawful arrests. Count four alleges abuse of process and seeks damages. Along with the complaint, plaintiffs filed a motion for a preliminary injunction.

Soon thereafter, the district court entered an order noting that the case may be subject to dismissal based on abstention grounds and excusing defendants from responding to plaintiffs' motion for a preliminary injunction until further ordered. In the meantime, plaintiffs filed a motion for class certification, and the district court excused defendants from responding to the motion until further ordered. Defendants then filed motions to dismiss, and plaintiffs responded by filing a motion to amend their complaint. The district court granted plaintiffs' motion and denied without prejudice all pending motions as moot. The district court then struck the amended complaint because it exceeded the scope of leave granted by the court. The district court also denied plaintiffs' motion for a scheduling order. Defendants filed renewed motions to dismiss, and in response plaintiffs filed an amended complaint, which again was struck by the court. In their motions to dismiss, defendants argued that the court should abstain under *Younger v. Harris*, 401 U.S. 37, 43 (1971), or dismiss the entire action.

The district court issued an order dismissing the claims of plaintiffs Graves and Sexton with prejudice, dismissing the abuse of process claim, and staying the remainder of the action until resolution of the state criminal proceedings. The district court held that Graves's and Sexton's

claims were barred by *Heck* because they pled guilty and a finding of a Fourth Amendment violation would imply the invalidity of their convictions. Alternatively, the district court found that Graves and Sexton are precluded from seeking relief by *res judicata*. The district court then found that it should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and stayed the action until resolution of the state criminal proceedings.

Plaintiffs appealed, and all defendants except Smith Township filed a notice of cross appeal. Plaintiffs argue that the district court erred by: (1) dismissing Graves's and Sexton's claims with prejudice; (2) staying the case pursuant to *Younger* abstention; (3) denying plaintiffs' motion for a scheduling order; (4) denying plaintiffs' motion to amend their complaint; (5) dismissing the abuse-of-process claim without allowing plaintiffs to amend their complaint; (6) failing to grant injunctive relief; and (7) failing to grant class certification. In their cross-appeal, defendants argue that the district court should have dismissed the entire case because all of plaintiffs' claims are barred by *res judicata*. Defendants also argue that plaintiffs failed to plead municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and that the warrants issued did not violate the Fourth Amendment.

After we heard arguments in this case, the Ohio Seventh District Court of Appeals reversed the Mahoning County court's dismissal of the criminal charges. The State of Ohio then dismissed these charges without prejudice. As a result, there are no pending state criminal proceedings.

II.

Although the district court's order stayed this action, we nonetheless have jurisdiction over certain aspects of this appeal. Typically, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be

ventilated." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). However, courts of appeals also have jurisdiction over certain interlocutory orders, including orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). Orders that have the effect of denying an injunction may also be appealable under § 1292(a)(1). *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981). Such an order is appealable only if the order "might have a 'serious, perhaps irreparable, consequence,' and . . . can be 'effectually challenged' only be immediate appeal." *Id.* at 84; *accord AmSouth Bank v. Dale*, 386 F.3d 763, 772 (6th Cir. 2004).

In this case, plaintiffs filed a motion for a preliminary injunction the same day they filed their complaint. The district court's order dismissing in part and staying the case had the effect of denying the injunction to each plaintiff. Plaintiffs complain that defendants routinely issue arrest warrants supported by complaints that consist only of the officer's conclusion that the individual committed the offense, and plaintiffs allege that defendants have made thousands of unconstitutional arrests in Mahoning County. They have shown that the district court's order might have serious consequences because plaintiffs have been unable to seek relief for widespread alleged constitutional violations. The district court's order, which effectively denies an injunction against the practice of issuing arrest warrants that allegedly violate the Fourth Amendment, can be effectually challenged only by immediate appeal because the harm is ongoing. Accordingly, we have jurisdiction to hear this appeal pursuant to § 1292(a)(1).

The parties have appealed more than just the district court's order dismissing Graves's and Sexton's claims and staying the remainder of the action. Plaintiffs also argue that the district court erred in other ways, such as denying their motion to amend the complaint and motion for a scheduling

order. Defendants filed a cross-appeal, arguing that the district court should have dismissed the entire case.

There is no independent basis upon which plaintiffs could have appealed the other issues that they raise in their brief. The district court's denial of the motion for a scheduling order and motion to amend the complaint are not final orders under § 1291, do not fit within the narrow collateral order doctrine, and do not have the effect of denying an injunction. However, we have discretion to exercise pendent jurisdiction over non-appealable issues where the appealable and non-appealable issues are "inextricably intertwined." *Brennan v. Twp. of Northville*, 78 F.3d 1152, 1157 (6th Cir. 1996). Here, the non-appealable issues are not inextricably intertwined with the appealable ones. The grounds upon which the district court denied plaintiffs' motion for a scheduling order and motion to amend the complaint are completely independent of the grounds upon which the district court dismissed Graves's and Sexton's claims and stayed the remainder of the action. In addition, the district court has not ruled on plaintiffs' motion for class certification and motion for a preliminary injunction, and therefore no order exists for this court to review as to these issues. We therefore do not have jurisdiction to address the other issues raised by plaintiffs on appeal.

We also do not have jurisdiction over defendants' cross-appeal. In their motions before the district court, defendants argued that the district court should abstain pursuant to *Younger* or alternatively that the district court should dismiss the case. The district court applied *Younger* abstention and stayed "those portions of [the] action that survive[d] the motions to dismiss." In effect, the district court denied defendants' motions to dismiss, and a denial of a motion to dismiss is not an appealable order. Moreover, the issue of whether plaintiffs' complaint stated claims sufficient to survive a motion to dismiss is not inextricably intertwined with the issues of whether the district court

properly applied *Younger* abstention and dismissed the claims of Graves and Sexton. To be sure, one basis upon which the district court dismissed Graves's and Sexton's claims was *res judicata*, which is also a ground upon which defendants argue that the remaining plaintiffs' claims should be dismissed. However, the basis for applying *res judicata* to Graves's and Sexton's claims is independent of the basis for applying it to the claims of the other plaintiffs. Because there is no independent basis for reviewing a district court's denial of a motion to dismiss and these issues are not inextricably intertwined with the issues addressed in the district court's order, we do not have jurisdiction over defendants' cross-appeal.

III.

Turning to the merits of plaintiffs' appeal, we find that the district court improperly dismissed the claims of Graves and Sexton pursuant to *Heck* and *res judicata*. In *Heck*, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87 (footnote and internal citation omitted). The Court explained that "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* at 487. The district court held that the *Heck* doctrine barred Graves's and Sexton's claims because a finding of a Fourth Amendment violation would necessarily imply the invalidity of their convictions.

-8-

The district court erred because a finding of a Fourth Amendment violation would not necessarily imply the invalidity of their convictions. In Ohio, "an illegal arrest does not invalidate a subsequent conviction which is otherwise proper." *State v. Rutland*, 786 N.E.2d 530, 533 (Ohio Ct. App. 2003) (quoting *State v. Henderson*, 554 N.E.2d 104, 106 (Ohio 1990)). In some cases, a Fourth Amendment violation invalidates a conviction where an unconstitutional search uncovered key evidence that must be suppressed. In this case, however, there is no allegation that authorities seized any evidence during the arrests. Thus, a finding that Graves's and Sexton's arrests violated the Fourth Amendment would not necessarily invalidate their convictions. For this reason, the *Heck* doctrine does not bar Graves and Sexton from bringing their claims.

In the alternative, the district court held that Graves's and Sexton's claims are barred by *res judicata*. In Ohio, the doctrine of *res judicata* encompasses claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995). The party claiming that *res judicata* applies bears the burden of proof. *Keymarket of Ohio, LLC v. Keller*, 483 F. App'x 967, 971 (6th Cir. 2012). Under claim preclusion, "[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction . . . is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Grava*, 653 N.E.2d at 226 (alternation in original) (quoting *Norwood v. McDonald*, 52 N.E.2d 67, 68 (Ohio 1943)). There are four elements of claim preclusion under Ohio law: (1) a final, valid decision on the merits by a court of competent jurisdiction; (2) a subsequent action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the first action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Claim preclusion applies only when

the party against whom it is being asserted had a full and fair opportunity to litigate its claims. *Meyer v. Chieffo*, 950 N.E.2d 1027, 1034 (Ohio Ct. App. 2011).

Issue preclusion "precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *State ex rel. Nickoli v. Erie MetroParks*, 923 N.E.2d 588, 592 (Ohio 2010) (quoting *Fort Frye Teachers Ass'n v. State Emp't Relations Bd.*, 692 N.E.2d 140, 144 (Ohio 1998)). "Also, issue preclusion can only be applied against parties who have had a prior 'full and fair' opportunity to litigate their claims." *Brunswick Hills Twp. Bd. of Trs. v. Ludrosky*, 972 N.E.2d 132, 135 (Ohio Ct. App. 2012).

The district court erred in dismissing Graves's and Sexton's claims pursuant to claim and issue preclusion. Claim preclusion does not apply because a criminal defense and a § 1983 claim are not the "same" under Ohio claim-preclusion law. *See Ingram v. City of Columbus*, 185 F.3d 579, 593–94 (6th Cir. 1999). In addition, issue preclusion does not apply because it is undisputed that prior to pleading guilty, neither Graves nor Sexton asserted their Fourth Amendment claims, and therefore these claims were not actually litigated in the criminal proceedings. *Fort Frye Teachers Ass'n*, 692 N.E.2d at 144. As a result, *res judicata* does not bar Graves's and Sexton's claims.

IV.

The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007). If these conditions are satisfied, the court should abstain unless there is a showing of bad faith, harassment, or another

extraordinary circumstance that makes abstention inappropriate. *Am. Family Prepaid Legal Corp.*, 498

F.3d at 332. The district court applied *Younger* abstention and stayed the action during the pendency

of the state criminal proceedings. Because the state criminal proceedings have terminated, we need not

decide whether the district court properly applied *Younger* abstention. As the district court recognized,

*Younger* abstention no longer applies upon termination of state criminal proceedings.

V.

For the foregoing reasons, we reverse the district court's dismissal of Graves's and Sexton's

claims and remand the case for further proceedings.