NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1223
_____

ALLEN L. FEINGOLD,
                              APPELLANT

v.

OFFICE OF DISCIPLINARY COUNSEL; COMMON PLEAS COURT OF
PHILADELPHIA COUNTY; PAUL KILLION; ANTHONY SEDROSKI; AMELIA
KITTREDGE; CARMEN NASUTI; RUSSELL M. NIGRO; PAMELA P. DEMBE;
JOSEPH H. EVERS
_____

On Appeal from the United States District Court
for the District of Eastern Pennsylvania
(D.C. No. 2-09-cv-04421)
District Judge: Hon. Mary A. McLaughlin
_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: February 28, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

This is a pro se appeal by Allen Feingold, who seeks federal court review of two

Commonwealth Court of Pennsylvania injunctions, each enforcing his disbarment. The

essence of his appeal is that the District Court should have heard his case, instead of dismissing it pursuant to the Rooker-Feldman and Younger doctrines. We will affirm.

## I.

Feingold was disbarred in 2008. Upon learning that he had continued to hold himself out as an attorney and to represent clients, the Commonwealth of Pennsylvania obtained two state court injunctions designed to enforce his disbarment. The first barred Feingold from entering his office or filing court documents without court approval, and the second appointed a conservator over his office and files.

Feingold attempted to appeal the injunction orders, but the state court refused to accept his filings because (per the injunction) he had not obtained advance court approval. Next, Feingold filed with the Supreme Court of Pennsylvania a petition for writ of mandamus, seeking to compel the Commonwealth Court to accept his filings. He also filed suit in the United States District Court for the Eastern District of Pennsylvania against various state bar and judicial officials, contending that the injunctions violated his federal constitutional rights, and asserting claims under 42 U.S.C. §§ 1983 and 1985.

The District Court granted the Defendants' motion to dismiss for lack of subject matter jurisdiction. Because Feingold's petition to the Supreme Court of Pennsylvania was pending when the Defendants moved to dismiss his federal suit, the District Court granted the motion on the ground that it either (1) lacked jurisdiction under the Rooker-Feldman doctrine barring federal district court review of final state court judgments, or (2) must decline to exercise jurisdiction under the Younger abstention doctrine forbidding federal injunctions against ongoing state court proceedings. Feingold timely appealed.

## II.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, but we agree with the District Court that 28 U.S.C. § 1257 deprived it (and us) of subject matter jurisdiction or, alternatively, that the Younger doctrine required abstention in this case.

We exercise plenary review over the District Court's application of the Rooker-Feldman and Younger doctrines. Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010); Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 323-324 (3d Cir. 2000).

**III.**

We hold that the District Court's dismissal was proper, because either it lacked jurisdiction under the Rooker-Feldman doctrine, or else it properly applied Younger abstention in declining to exercise jurisdiction. Which of these doctrines applies depends, as the District Court observed, upon whether Feingold's petition to the Supreme Court of Pennsylvania (which was unresolved at the time of the District Court's order) was an "ongoing state proceeding" within the meaning of Younger v. Harris, 401 U.S. 37 (1971).

If the petition was not an ongoing state proceeding, then Feingold's claim in the Commonwealth Courts had reached a final ruling on the merits. In that event, the District Court lacked jurisdiction under the Rooker-Feldman doctrine. See § 1257 (vesting federal appellate jurisdiction over state court judgments solely in the Supreme Court of the United States); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). Section 1257 and Feldman bar federal claims that are: (1) actually litigated in state court, or (2) inextricably intertwined with a state adjudication. See In re Madera, 586 F.3d 228, 232 (3d Cir. 2009). Among other situations, a claim is "inextricably intertwined" if the relief sought in the District Court would negate the state court's judgment. Id. (citing Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004)). In this case, Feingold sought a federal district court injunction against the Commonwealth of Pennsylvania and its affiliates, barring them from enforcing the Commonwealth Court's order. Because he

3

sought to prevent the state court from enforcing its order, his claim was "inextricably intertwined" with the state court proceeding, Madera, 586 F.3d at 232, which deprived the District Court of jurisdiction, Feldman, 460 U.S. at 486.

If, however, Feingold's petition to the Supreme Court of Pennsylvania was a continuation of his original claim in the state court system, then the state court claim was still pending. In that event, the District Court properly abstained pursuant to Younger v. Harris, 401 U.S. 37 (1971), which requires federal courts to abstain from enjoining pending state judicial proceedings if the proceeding implicates important state interests, and if the proceeding affords the plaintiff an opportunity to air his federal claims. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). In this case, Feingold's petition for a writ of mandamus was still pending when the District Court dismissed his case. The proceeding implicated important state interests in regulating its bar and in protecting the public from unscrupulous former attorneys. Finally, the state court system did afford – and continues to afford – Feingold an opportunity to assert his constitutional claims. Younger therefore applies.

In sum, one of two doctrines (Rooker-Feldman or Younger) applies to this case. Either way, the result is the same: Feingold's action could not be maintained in the United States District Court for the Eastern District of Pennsylvania. Dismissal was therefore appropriate.

* * * * *

The judgment of the District Court will be AFFIRMED.