NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1459
_____

ALLEN FEINGOLD,
                    Appellant

v.

OFFICE OF DISCIPLINARY COUNSEL; PHILADELPHIA COUNTY
COURT OF COMMON PLEAS; ANTHONY SEDROSKI;
AMELIA KITTREDGE; CARMEN NASUTI; PAUL BERGOYNE;
DONNA SNYDER; JESSIE HERRODA; RUSSEL NIGRO;
PAMELA DEMBE; JOSEPH EVERS; DEANNA BALLINGER;
1515 MARKET STREET ACQUISITION PAR, L.P., TA 1515
Market Street Bldg; PAUL KILLION

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-03357)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2012

_____

Before:  AMBRO, VANASKIE, and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 6, 2012)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Disbarred attorney Allen Feingold alleges constitutional violations related to disciplinary proceedings brought against him. The District Court abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). We affirm.

I.

Because we write solely for the parties, we note only those facts necessary to our decision. In August 2008, Feingold was disbarred from the practice of law in Pennsylvania. Following his disbarment, the Office of Disciplinary Counsel ("ODC") filed a petition in the Court of Common Pleas of Philadelphia County seeking to enjoin Feingold from the unauthorized practice of law. On September 3, 2009, Judge Pamela Dembe entered an order granting the injunction, prohibiting Feingold from entering or removing items from his law office, and requiring him to obtain court approval before filing any documents in court. On September 10, 2009, Judge Dembe appointed a conservator for the contents of Feingold's office.

In September 2009, Feingold filed a complaint in the United States District Court for the Eastern District of Pennsylvania against the ODC, the Philadelphia County Court of Common Pleas, Paul Killion, Anthony Sedroski, Amelia Kittredge, Carmen Nasuti, Russell M. Nigro, Judge Dembe, and Joseph H. Evers. He alleged, among other things, constitutional violations associated with the disciplinary action. In December 2009, the District Court applied the *Rooker-Feldman* abstention doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) — or

2

alternatively, the *Younger* abstention doctrine — and granted Defendants' motion to dismiss. *See Feingold v. Office of Disciplinary Counsel*, No. 09-4421, 2009 WL 4857380 (E.D. Pa. Dec. 14, 2009). We affirmed. *See Feingold v. Office of Disciplinary Counsel*, No. 10-1223, 415 Fed. Appx. 429 (3d Cir. Feb. 15, 2011).

On July 8, 2010, Feingold filed a second complaint in the District Court against all the defendants named in his previous complaint, Deanna Ballinger, and 1515 Market Street Acquisition Partners, L.P. (collectively, the "Defendants"), and moved for a temporary restraining order against the enforcement of Judge Dembe's orders of September 3 and 10, 2009. The complaint alleged violations of the First, Fourth, and Fourteenth Amendments to our Constitution. In January 2011 the District Court received notice from Court of Common Pleas Judge Chad F. Kenney, Sr. that a hearing had been scheduled for February 17, 2011 in the underlying state-court disciplinary proceeding.[1] Defendants moved to dismiss Feingold's complaint on the ground that the *Younger* abstention doctrine applied. The District Court agreed by an order on January 20, 2011.

Feingold appeals.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the legal determination of whether the requirements for abstention have been met. Once we determine that the requirements have been met, we review a district court's decision to

---

[1] Judge Dembe recused herself from Feingold's disciplinary proceeding in state court after being named a defendant in this action.

3

abstain under *Younger* abstention principles for abuse of discretion." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005).

The *Younger* abstention doctrine "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.,* 970 F.2d 1195, 1199 (3d Cir. 1992) (internal quotation marks omitted). Under that doctrine, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). For the *Younger* abstention doctrine to apply, three conditions must be satisfied: (1) state-court proceedings must be ongoing and judicial in nature; (2) the state-court proceedings must implicate important state interests; and (3) those proceedings must afford an adequate opportunity to raise federal claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (*citing Addiction Specialists*, 411 F.3d at 408). If all three prongs of the *Younger* analysis are met, federal courts should abstain unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

To satisfy the first prong of *Younger*, the state court proceedings at issue must be ongoing at the time the federal action was filed, it being immaterial when the state proceedings conclude. *See Addiction Specialists*, 411 F.3d at 408-09 ("[O]ur inquiry on prong one of the *Younger* test is not what is currently occurring in the state proceedings,

4

but is focused on the narrow question of whether they were pending at the time the federal suit was filed.") (citation omitted).

Feingold's proceedings in the Pennsylvania Court of Common Pleas were state proceedings for the purposes of *Younger* abstention. They were judicial in nature and they were ongoing both when Feingold filed his complaint in federal court and when the District Court dismissed the case. Feingold's claims that there was "nothing pending in state court, and there was no assigned judge due to the recusal of Judge Dembe," when this action was dismissed are both unfounded and irrelevant. *See* Appellant's Br. at 13. There were state judicial proceedings scheduled to occur in the underlying state court disciplinary action and the temporary lack of an assigned judge does not make those proceedings anything other than ongoing.

The second prong of *Younger* is satisfied because Feingold's state court proceedings implicate Pennsylvania's interest in preventing the unlawful practice of law. Regulating the bar to protect the public from unlicensed former attorneys is an important state interest for the purposes of *Younger* abstention. *See Middlesex County Ethics Comm'n.*, 457 U.S. at 423.

The third prong of *Younger* is met because the state court proceedings at issue took place in the Pennsylvania Court of Common Pleas, a court of general jurisdiction. There is no indication that Feingold was unable to raise his federal claims in state court, that the state court could not provide adequate relief on his federal claims, or that the federal claims could not be litigated as a part of the ongoing state proceedings to which they related. *See Addiction Specialists*, 411 F.3d at 411-12. If Feingold wished to raise

5

federal claims relating to the underlying disciplinary proceeding, he could have addressed the matter in the Court of Common Pleas.

*Younger* abstention would be inappropriate if Feingold's federal claims were collateral to the state court proceedings, meaning his "suit would not be resolved by the case-in-chief or as an affirmative defense to the state court proceedings." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 336 (6th Cir. 2007). Feingold's request that the District Court enjoin the enforcement of Judge Dembe's orders — the orders at issue in the state court proceedings — can hardly be described as a collateral issue.

There is also no evidence that the disciplinary action against Feingold was frivolous, retaliatory, undertaken without a reasonable expectation of success, motivated by illegitimate considerations, or part of an "unjustified and oppressive use of multiple prosecutions." *Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995); *see Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). Though Feingold claims that the state proceedings were solely to harass him, thus barring the application of *Younger* abstention, he fails to provide a basis for this allegation.

All three prongs of the *Younger* abstention doctrine have been met and there has been no showing that an exception to the doctrine applies. Thus the District Court did not abuse its discretion in deciding to abstain.

\* \* \* \* \*

For these reasons, we affirm the District Court's dismissal of Feingold's complaint.

6